UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:19-CV-122-REW

LOWELL MARTIN, PLAINTIFF,

v.    **RECOMMENDED DISPOSITION**

WALGREEN COMPANY
d/b/a RITE AID PHARMACY
and Unknown Pharmacist, DEFENDANTS.

\* \* \* \* \* \* \* \* \*

Lowell Martin filed this action in state court asserting that Walgreen Company [Walgreen], through one of its employee-pharmacist's, incorrectly prescribed a higher dosage than what his doctor prescribed. [R. 1-1 at 2, ¶ ¶ 8-10]. As a result, Martin represents he experienced a host of negative side effects (*see id*. at ¶ 16), ultimately leading to an overdose and admittance for emergency treatment at ARH Our Lady of the Way Hospital in Martin, Kentucky on October 3, 2019. [*Id*. at ¶ 17]. Walgreen removed this action from Floyd Circuit Court on December 19, 2019. [R. 1]. Now, Martin moves to remand the instant case to the circuit court because he believes this Court lacks jurisdiction pursuant to 28 U.S.C. § 1447. For the reasons below, it is recommended that the motion [R. 7] be denied.

I.

Martin's motion to remand is premised on the assumption that the unknown or "John Doe" pharmacist may be a Kentucky citizen based on the fact that his employment is in Martin, Kentucky; therefore, his inclusion in the action destroys diversity. [R. 7; *see also* R. 1-1 at 7-14]. Martin further asserts that this John Doe defendant is not a fictitious person, but that Walgreen has withheld the requested information despite good faith efforts to discover

the employee's true identity. [*See* R. 14]. In response, Walgreen denies any allegation that it concealed the name of the pharmacist, but blames Martin for not employing reasonable efforts to obtain the identity. [R. 12]. Walgreen relies on case law from this Court, for the proposition that a fictitious defendant's citizenship cannot be considered for purposes of determining whether to remand a case founded upon diversity jurisdiction. [*See* R. 12-2].

## II.

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). When removal is based on diversity jurisdiction, the suit must be between citizens of different states, and the amount in controversy must exceed $75,000, exclusive of costs and interest. § 1332(a). This jurisdictional inquiry is determined at the time the action is removed to federal court from the allegations asserted in the complaint. *Grupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567, 570–71 (2004); *see Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The burden of proving proper federal jurisdiction is on the removing party. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

General ambiguities regarding removal are strictly construed against federal jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). This is so, because the purpose of diversity jurisdiction is to protect parties from outside of the state from bias in favor of local parties – a bias that may be at work in state courts. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938). Remand is proper, "[i]f at any time before final judgment it appears that [this] court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

### a. Citizenship

Diversity jurisdiction requires complete diversity; that is, no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). "In determining whether a civil action is removable ... *the citizenship of defendants sued under fictitious names shall be disregarded*." § 1441(b)(1) (emphasis added). The Sixth Circuit has consistently relied on a strict interpretation of the language of the removal statute, disregarding the citizenship of a fictitious defendant for purposes of evaluating diversity jurisdiction. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006); *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994). This Court, too, has strictly interpreted the removal statute, in choosing to disregard a fictious defendant's citizenship when undergoing this jurisdictional inquiry. *See e.g., Gorman v. Fidelity & Guaranty Life Ins. Co., Inc.*, 6:18-CV-319-KKC, 2019 WL 2236084, at *1 (E.D. Ky. May 23, 2019); *Crail v. Elsmere Health Facilities*, LP, 17-CV-2-DLB-CJS and 17-CV-50-DLB-CJS, 2017 WL 2952274, at *6 (E.D. Ky. July 10, 2017); *Gaither v. Beam Partners, LLC*, 3:16-CV-94-GFVT, 2017 WL 1217166, at *6 (E.D. Ky. Mar. 31, 2017); *Smith v. Kmart Corp.*, 7:12–CV-103-KKC, 2012 WL 6652602, at *1-2 (E.D. Ky. Dec. 19, 2012); *Allen v. Frasure Creek Mining Co.*, 12-CV-110-GFVT, 2012 WL 12924816, at *2 (E.D. Ky. Sept. 19, 2012); *Harrison v. Allstate Indem. Co.*, 5:11-CV-361-KKC, 2012 WL 1029437, at *2-3 (E.D. Ky. Mar. 26, 2012); *Walters v. Lowe's Home Imp. Warehouse of Georgetown*, 5:10-CV-302-JMH, 2011 WL 3319717, at *2 (E.D. Ky. Aug. 1, 2011); *Orvil Nelson & Co., Inc. v. All American Homes of Tenn.*, 5:07-CV-239-KSF, 2008 WL 11347692, at *2-3 (E.D. Ky. Dec. 18, 2008).

Here, the identity of the pharmacist is presently unknown. Because 28 U.S.C. § 1441(a) and existing case law mandates that the Court disregard the "Unknown Pharmacist" for

purposes of determining diversity-based jurisdiction, the Court cannot find merit in Martin's remand proposal.

### b. Amount in Controversy

As to the amount-in-controversy requirement, the Sixth Circuit has stated that:

> [a] defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. Normally, the sum claimed by the plaintiff controls, but where plaintiffs seek to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000.

*Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (internal quotations and citations omitted). The Sixth Circuit has also clarified that the amount in controversy is appraised directly from the plaintiff's complaint. *See Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014).

Walgreen asserts that the jurisdictional threshold is met given the substance of Martin's identifiable injuries in the complaint. The complaint states that [p]laintiff suffered great emotional distress, pain and anguish," endured "life-saving treatment[,]" and may suffer "kidney, liver, and/or other permanent damage." [R. 1-1 at 3, ¶ 21]. It states further that future medical expenses are sought due to the nature of Martin's injuries, alleging that his life was almost taken. [*Id*. at ¶¶ 22, 24]. Given these purported claims and the types of damages sought — essentially, compensatory, negligent infliction of emotional distress, punitive, as well as reasonable attorney's fees — Walgreen states "that the amounts claimed will likely exceed $75,000[,]" and thus wishes to "be afforded a good-faith opportunity" to inquire as to whether the damages Martin seeks will exceed $75.000. [R. 6 at 2; *see also* R. 5].

Martin does not allege that remand is proper on the basis of failing to meet the amount-in-controversy requirement, but instead challenges the fictitious defendant's citizenship.

Therefore, the Court will accept Walgreen's proposition[1] that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III.

Because Walgreen Co. is neither incorporated nor has its principal place of business in the State of Kentucky, and meets the amount-in-controversy requirement, removal of the instant action from the Floyd Circuit Court to the instant Court was proper under 28 U.S.C. §1441(a). Martin's assertion that the Unknown Pharmacist destroys complete diversity and warrants remand is erroneous and contrary to the express language of § 1441(a) and established case law. Therefore,

IT IS RECOMMENDED that Martin's motion to remand [R. 7] be DENIED.

IT IS ORDERED that the show-cause order [R. 5] is DISCHARGED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another

---

[1] The House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA) observed:
> [D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, *defendants may simply allege or assert that the jurisdictional threshold has been met*. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.

H.R.Rep. No. 112–10, p. 16 (2011) (emphasis added).

party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

Signed February 11, 2020.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge